Joseph *v.* Bigelow.

BENJAMIN F. JOSEPH *vs.* GERSHOM M. BIGELOW.

The date of a contract in writing, when referred to in the body of the contract as fixing the time of payment, cannot be altered or varied by parol evidence.

THIS was an action of assumpsit upon a memorandum in writing, signed by the defendant, of which the following is a copy:—

"CABOTVILLE, Nov. 10, 1846. Due to Benjamin F. Joseph or order forty-five dollars worth of No. 1 soap at six cents per lb.; thirty-five dollars worth of patent white soap at four cents per lb.; and twenty dollars worth of soap at three dollars and fifty cents per barrel; in sixty days from date."

Demand was made and suit brought on the 13th day of January, 1847.

At the trial, in the court of common pleas, the defendant offered evidence tending to prove the following facts: That the contract was made on the 10th of December, 1846, and was intended to be dated of that day, but was written November 10th, by the mistake of a third person, who drew up the memorandum, and that it was signed and delivered without discovery of the mistake by either party; that Joseph, afterwards, while in possession of the note, and before the 10th of January, 1847, discovered and admitted the mistake, but it was never corrected; that the defendant was a soap manufacturer; and that sixty days were requisite for the manufacture of soap, in the ordinary prosecution of the defendant's business.

The defendant contended, upon this evidence, that there was no breach of the contract by a failure to deliver the articles on the 13th day of January; but that he was entitled to sixty days from the time of executing the memorandum.

The plaintiff objected to the admission of this evidence as varying a written contract by parol evidence, and denied its effect as insisted upon by the defendant. But the court ruled that the evidence was admissible, and that the defendant was entitled to sixty days from the time of executing the memorandum, if the jury should find the facts to be as the defendant alleged.

A verdict was thereupon rendered for the defendant, and the plaintiff excepted.

It was afterwards agreed to submit the case to this court upon the foregoing facts, as upon an agreed statement.

*W. G. Bates*, for the plaintiff.

*J. Wells*, for the defendant, cited 1 Dane, Ab. 437, 536, 540; *Jackson* v. *Schoonmaker*, 2 Johns. 230; *Lee* v. *Mass. F. & M. Ins. Co.* 6 Mass. 208; 1 Swift, Dig. 178; 2 Bl. Com. 304; Com. Dig. Fait, 3; 2 Gr. Ev. § 12; 2 Hilliard, Ab. 298; Steph. N. P. 781; 1 Gr. Ev. § 324; Story, Prom. Notes, § 48; *Hall* v. *Cazenove*, 4 East, 477; *Brutt* v. *Picard*, Ry. & Mo. 37; *Jacobs* v. *Hart*, 2 Stark. R. 45; *Bowers* v. *Jewell*, 2 N. H. 543; 2 Chit. Pl. 31, 117, 158; Chit. Bills, [530,] 501, in some copies, 455; Chit. Con. 730, a.

SHAW, C. J.   It is now too well settled to admit of doubt, that when the terms of a written contract are clearly expressed, a party against whom a suit is brought upon such contract cannot prove a mistake of one of its essential terms, and defend upon the ground, that if written in the terms in which the parol evidence tends to prove it ought to have been, the plaintiff could not recover.   If it may be thus altered in one of its important terms, it may be in others.   If the time of payment may be altered, then may also the number of dollars to be paid; the rate at which specific articles are to be delivered in payment; that it should have been " with grace," and that so the action was brought too soon; that it was not intended to be " to order;" and thus it may be altered in every particular.

The general rule seems to be admitted; but it is argued that this case is not within it, because the mistake is in the date, which is not an essential part of the contract, but is something superadded, and the true date may be shown by evidence *aliunde.*   We suppose the date is not a substantial part of the contract, or conclusive proof of the time when it was made or delivered; but when necessary, the true time of making may be shown, as a fact, by any competent evidence, as in the case of the date and delivery of a deed.

But though the date of a note may be considered as something superadded, and as evidence of the time of the execution of the contract not conclusive, yet when referred to, in the body of the contract, as fixing the time of payment, it becomes a part of the note, as if expressed in words, and as incapable of being altered or varied by parol evidence, as any other part of the written contract.   It has the same effect as if it were stated in the note that it was payable on the " 9th day of January next," or more literally and exactly, payable " in sixty days from the 10th of November, 1846."   It thus becomes a part of the body of the note; and we think parol evidence was not admissible to alter it.

*Judgment for the plaintiff.*